IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**SEAN LEE BRAGGS,**

    **Movant,**

v.                                       **Case No. 3:19-cv-00023**
                                               **Criminal Case No. 3:16-cr-00209**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Movant's "Motion for Relief from a Judgment by Correcting Pre-Sentence Investigation Report per FRCP 60(B)(6) or per 28 U.S.C. § 2255 if none had been Submitted and Construing as such Would be Timely," (ECF No. 26).[1] This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned **RECOMMENDS** that the presiding district judge **DENY** Movant's motion and **DISMISS** this civil action, with prejudice, and remove it from the docket of the Court.

**I.**      **Factual and Procedural Background**

In 2016, Movant Sean Lee Braggs (hereinafter "Braggs") pled guilty to one count

---

[1] The citations in this PF&R reference Movant's criminal case number: 3:16-cr-00209.

1

of conspiracy to distribute heroin in violation of 21 U.S.C. § 846. (ECF Nos. 6, 12). In his plea agreement, Braggs stipulated that he possessed a loaded firearm at the time of the drug offense, and that such conduct subjected him to a two-level sentence enhancement under the United States Sentencing Guidelines (hereinafter "the Guidelines"). (ECF No. 13 at 5, 10). In the plea agreement, Braggs also waived his right to appeal or collaterally attack his sentence, so long as the sentence was within the maximum authorized by statute, except Braggs retained the right to raise claims of ineffective assistance of counsel. (*Id.* at 5-6). Prior to sentencing, the Probation Office prepared a presentence report (hereinafter "PSR") concerning Braggs's criminal history and other matters pertinent to the calculation of Braggs's sentence. The PSR reiterated from the plea agreement that Braggs possessed a firearm at the time of the offense and was subject to the firearm sentence enhancement. (ECF No. 18). As stated in the PSR, Braggs faced a statutory maximum penalty of 240 months in prison, and his suggested sentence under the advisory Guidelines was 87 to 108 months. (*Id.* at 21). On March 6, 2017, Braggs appeared for sentencing. (ECF Nos. 15, 25). He did not object to any contents of the PSR. (*Id.*). The Court sentenced Braggs to 60 months of imprisonment. (*Id.*). Braggs did not appeal his conviction or sentence.

On January 7, 2019, Braggs filed the instant action in which he seeks relief under "Rule 60(b)(6)" or 28 U.S.C. § 2255. (ECF No. 26). He asks the Court to remove from his PSR any information that may prevent him from receiving "the credit and time off" his sentence for completing the Residential Drug Abuse Program ("RDAP"). (*Id.* at 1). He relies on the holding in *United States v. Fraley*, No. 07-18-KSF, 2007 WL 1876455, at *1 (E.D. Ky. June 27, 2007), in which a district court in another federal circuit removed an enhancement for dangerous chemicals from the defendant's PSR in order for the

defendant to receive time off credit and early release upon completing RDAP. (*Id.*). According to Braggs, since *Fraley* was decided, "district courts across the country" have adjusted PSRs in a similar manner to allow defendants to benefit from programs and improvement incentives from which they would otherwise be disqualified. (*Id.*).

In response to Braggs's motion, the United States argues that Braggs is time-barred from seeking relief under § 2255 because his conviction became final in March 2017, and he had one year from that date to mount a collateral attack under § 2255(f), yet Braggs did not file his motion until January 7, 2019, which was well after the one-year deadline. (ECF No. 33 at 3). Furthermore, the United States contends that Braggs's motion fails, because Braggs waived his right to collaterally attack his sentence in his plea agreement, his challenge is procedurally defaulted because he did not raise it in a direct appeal, his claim is not cognizable under § 2255, and there is no merit to his request for relief. (*Id.* at 4-9).

## II.     Discussion

Braggs's motion concerns legislation passed by Congress to incentivize prisoners to participate in substance abuse treatment programs. Namely, Congress authorized the Federal Bureau of Prisons to reduce each prisoner's sentence up to one year, also referred to as "early release," upon the prisoner's successful completion of a substance abuse treatment program. 18 U.S.C. § 3621(e)(2)(B). However, only prisoners convicted of non-violent offenses are eligible for the sentence reduction. *Id.* A two-level enhancement for possessing a firearm during the commission of a drug offense has been deemed to preclude a prisoner's eligibility for early release under § 3621(e)(2)(B). *See, e.g., Holmes v. Hendrix*, No. 2:17-CV-00079, 2018 WL 1722396, at *3 (N.D.W. Va. Mar. 14, 2018), *report and recommendation adopted,* 2018 WL 1718566 (N.D.W. Va. Apr. 9, 2018).

Braggs asks the Court to remove his firearm enhancement and any other matters from his PSR that preclude his eligibility for early release after completion of RDAP. As stated, Braggs relies on *Fraley*, a case decided by the District Court in Eastern District of Kentucky. Fraley filed a motion under § 2255 seeking to remove from her PSR a two-level sentence enhancement based upon her possession of a dangerous weapon because the enhancement barred her from receiving credit toward her sentence upon completion of RDAP. *Fraley*, 2007 WL 1876455, at *1. The district court noted that the United States had no objection to Fraley's motion, and it was the court's intention in sentencing Fraley that she would be eligible for early release upon completion of RDAP. *Id.* Therefore, the district court granted the § 2255 motion and ordered that Fraley's PSR be amended to remove the sentence enhancement. *Id.* at 2.

*Fraley* is not binding authority on this Court. However, the Court previously considered the *Fraley* decision in one case: *Tribble v. United States*, No. 3:16-cv-10029, 2018 WL 5116540, at *1 (S.D.W. Va. Sept. 25, 2018), *report and recommendation adopted,* 2018 WL 5116495 (S.D.W. Va. Oct. 19, 2018). Indeed, the motion filed herein by Braggs is identical to the motion filed by Tribble. As was explained in *Tribble*, the Fraley decision did not establish a sweeping precedent to allow defendants to seek revision of their PSRs in order to receive early release upon completion of RDAP. Rather, "the *Fraley* decision was based upon a unique set of circumstances that guided exceptional relief in Fraley's case." *Tribble*, 2018 WL 5116540, at *3. Specifically, "[d]uring Fraley's sentencing hearing, the United States and the Court expressed their mistaken belief that despite the fact that Fraley's sentence included a two-point firearm enhancement, Fraley could still receive the early release sentence credit after completion of a drug treatment program." *Id.* (citing *Fraley*, 2007 WL 1876455, at *3-4). Therefore, "the collective intention was

4

undoubtedly for Fraley to be eligible for early release," and "after it came to light that Fraley was ineligible for early release due to the firearm enhancement, the Court, with no objection from the government, retroactively amended the PSR to remove the enhancement." *Id.* (citing *Fraley*, 2007 WL 1876455, at *6). The Court did not find that the same circumstances were present in Tribble's case, and declined to grant the relief offered to Fraley. The Court concluded that Tribble's motion, by contrast, was subject to dismissal on several grounds, including the fact that it asserted no basis for relief and the motion was untimely, barred by the appellate and collateral attack waiver in his plea agreement, procedurally defaulted, and moot due to Tribble's release from custody. *Id.* at *4-6.

Similar to Tribble, Braggs states that "district courts across the country have granted relief" based upon *Fraley*. (ECF No. 26 at 1); *Tribble*, 2018 WL 5116540, at *3. However, as the Court previously explained, a review of *Fraley*'s citing authorities reveals that other courts which have considered § 2255 motions like Braggs's have distinguished, as well as questioned, the decision in *Fraley* and have declined to apply the reasoning or relief accorded in that case. As discussed above, this Court distinguished *Fraley* in *Tribble*. The *Fraley* decision has only been cited in one other case within the United States Court of Appeals for the Fourth Circuit (hereinafter "Fourth Circuit"). In *Cline*, the United States District Court for the Northern District of West Virginia likewise considered a § 2255 motion that sought to remove a firearm enhancement from the defendant's PSR so that he could be classified as a non-violent offender and qualify for a sentence reduction after completing RDAP. *Cline v. United States*, No. 2:09-CR-7-1, 2011 WL 6965661, at *1 (N.D.W. Va. Nov. 14, 2011), *report and recommendation adopted,* No. 2:09-CR-07-1, 2012 WL 42156 (N.D.W. Va. Jan. 9, 2012). The court in *Cline* concluded that *Fraley* stood

5

for the proposition that "although relief under 28 U.S.C. § 2255 is limited to situations in which the defendant alleges constitutional or jurisdictional error, a sentencing court's reliance on false or improper assumptions in increasing a sentence is an error cognizable under a habeas corpus action." *Id.* at *2. Nonetheless, the court did not apply *Fraley* to the case at bar. Rather, the court found that, in Cline's case, "the sentencing court did not rely on [the defendant's] early release under the RDAP program when determining his sentence," but rather "[w]hile the Government encouraged the court, and the court did in fact recommend RDAP program, the court never factored RDAP program into its decision." *Id.* at *2. The court further stated that "the district court's statement of reasons ma[de] no reference to the possibility of a year reduction in sentence upon completion of RDAP program." *Id.* The court concluded that, given such factual record, the § 2255 motion should be dismissed. *Id.*

Numerous other district courts have reached the same conclusion in contrasting *Fraley* against the fact patterns of their cases. *United States v. Tenorio*, No. 11-CR-00375-CMA, 2016 WL 6809179, at *2 (D. Colo. Oct. 6, 2016) (holding that Tenorio was not entitled to relief under § 2255 or FRCP 60(b)(6), stating that *Fraley* was non-binding authority and distinguishable from Tenorio's case because there was no discussion that Tenorio would be eligible for earlier release upon successful completion of RDAP and also questioning the basis of the *Fraley* decision); *Brooks v. United States*, No. 2:08-CR-102 (32), 2011 WL 6002932, at *1 (E.D. Tenn. Nov. 30, 2011) (stating that "*Fraley,* however, even if correctly decided, [was] factually distinguishable from the instant case" because there was no expressed intent by the government or the Court that Brooks would be eligible for early release upon completion of RDAP and also holding that Brooks procedurally defaulted his claim and his § 2255 motion was barred by a valid waiver of

6

collateral attack contained in his plea agreement); *United States v. Howard*, No. 09-47-GFVT, 2011 WL 3739051, at *2 (E.D. Ky. Aug. 23, 2011) (holding that *Fraley* was distinguishable and non-binding authority); *Fanning v. Patton*, No. 07-CV-98-HRW, 2007 WL 2979927, at *7 (E.D. Ky. Oct. 11, 2007) (dismissing a habeas petition filed under 28 U.S.C. § 2241 without prejudice, stating that Fanning had no legitimate claim under § 2241 and, to the extent that he relied on *Fraley*, he would need to assert a motion under § 2255 in the sentencing court): *United States v. Medina*, No. 13-112-BLG-SPW, 2017 WL 5505795, at *1–2 (D. Mont. Nov. 16, 2017) (stating that unlike *Fraley*, RDAP was recommended solely for drug treatment, not early release, and the record did not support any inference that Medina's sentence was unlawful under § 2255); *Caudle v. United States*, No. 3:09-CR-95-1-S, 2014 WL 991731, at *2 (W.D. Ky. Mar. 13, 2014) (holding that the § 2255 motion seeking to remove a past conviction from Caudle's PSR in order for him to qualify for early release was untimely, barred by the waiver clause in Caudle's plea agreement, and failed to state a claim upon which relief could be granted, noting that, unlike *Fraley*, the government objected to the motion and there was no need to conform the sentence to the intentions of the sentencing court); *United States v. Howard*, No. 11-7152-GFVT, 2011 WL 3739059, at *4 (E.D. Ky. Apr. 26, 2011), *report and recommendation adopted,* 2011 WL 3739051 (E.D. Ky. Aug. 23, 2011) (holding that § 2255 motion was time-barred, waived, and dissimilar to *Fraley* because Howard made no showing that she was intended to receive early release credit upon completion of RDAP and the government opposed her motion); *United States v. Henderson*, No. 3:02-CR-63-C, 2011 WL 4352393, at *3 (W.D. Ky. Jan. 21, 2011), *report and recommendation adopted,* No. 2011 WL 4352298 (W.D. Ky. Sept. 16, 2011) (recommending dismissal of the § 2255 as untimely and declining to apply *Fraley*).

Moreover, like the foregoing cases, Braggs's motion is subject to dismissal on several grounds, which are discussed below, in turn.

### A. Statute of Limitations

First, unlike the timely § 2255 motion that Fraley filed, Braggs's motion was filed more than one year after his judgment of conviction became final, and he asserts no impediment to making his motion, a newly-recognized right, a delay in discovering the facts supporting his claim, or any argument that the limitations period should be equitably tolled. Under the Anti–Terrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, Braggs's sentence was imposed on March 6, 2017. He did not file a direct appeal. As the United States cited, the Fourth Circuit held in *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001), that when a defendant does not file a direct appeal, the conviction becomes final for the purpose of § 2255 on the date that it is imposed. (ECF No. 33 at 3). *Sanders* has not been expressly overruled. However, subsequent to *Sanders*, the Supreme Court of the United States (hereinafter "Supreme

8

Court") issued a decision in *Clay v. United States*, 537 U.S. 522 (2003). In *Clay*, the Supreme Court examined the narrow, but recurring, question of when a conviction became final for the purpose of § 2255 when the defendant filed an unsuccessful direct appeal but did not petition for a writ of certiorari. *Clay*, 537 U.S. at 524. The Supreme Court noted the split amongst the courts of appeals, stating that the fourth and seventh circuits determined that a conviction was final when they issued the mandate denying the direct appeal, whereas six other circuits held that the one-year limitation period under § 2255 did not begin to run until the defendant's time for seeking review by the Supreme Court expired. *Id.* at 526. The Supreme Court settled the issue, siding against the Fourth Circuit and determining that "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Id.* at 532.

The Fourth Circuit began applying the *Clay* decision not only to calculate when the AEDPA period began after a direct appeal, but also to evaluate cases like the instant matter in which the defendant did not seek direct review. In *United States v. Diallo*, 581 F. App'x 226 (4th Cir. 2014), the Fourth Circuit considered on appeal whether a § 2255 motion was timely when the movant did not file a direct appeal. Citing *Clay* and Fed. R. App. P. 4(b)(1)(A)(i), (b)(6), the Fourth Circuit held that the movant's federal conviction did not become final when the judgment was imposed, as the Fourth Circuit previously held in *Sanders*, but upon the expiration of the 14-day period for filing a direct appeal. *Diallo*, 581 F. App'x at 227.

Therefore, in this case, Braggs's conviction became final under § 2255 when the notice of appeal period expired in March 2017. Braggs had one year from that date to file a § 2255 motion under AEDPA. The limitation period expired in March 2018. However,

9

Braggs did not file the instant motion until January 2019.

The Fourth Circuit has long recognized that the AEDPA statute of limitations can be tolled in "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitations period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). The Supreme Court of the United States established in *Holland v. Fla.*, 560 U.S. 631, 649 (2010), that equitable tolling should only be extended when a habeas petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." In this case, Braggs does not assert any basis for equitable tolling. In fact, Braggs was notified of his right to reply to the United States' argument that his habeas motion was untimely, but he did not respond or argue that the time period should be equitably tolled. (ECF No. 29). Therefore, the undersigned **FINDS** that Braggs's motion under § 2255 is untimely pursuant to the AEDPA.

### B. *Waiver*

In addition, Braggs waived his right to challenge the PSR. Rule 32(f) of the Federal Rules of Criminal Procedure allows a defendant to challenge portions of a PSR. FED. R. CRIM. P. 32(f) (stating that a party has 14 days to object to the contents of the report). Braggs did not object to the firearm enhancement or any other portion of the report. (ECF No. 25). Therefore, Braggs waived any objection that he now makes to the PSR. *United States v. Scott*, 8 F. App'x 275, 276 (4th Cir. 2001).

Furthermore, in his plea agreement, Braggs waived his right to challenge his sentence on any basis other than ineffective assistance of counsel, so long as his sentence was within the statutory maximum. Braggs does not assert that his counsel was ineffective

10

or that his sentence exceeded the statutory maximum. "Guilty pleas typically 'are accorded a great measure of finality.'" *Armstrong v. United States*, No. 4:11-cr-5-FL-1, 2016 WL 4007580, at *2 (E.D.N.C. July 26, 2016), *appeal dismissed,* 670 F. App'x 831 (4th Cir. 2016), *cert. denied,* 137 S. Ct. 1214 (2017) (quoting *Blackledge v. Allison*, 431 U.S. 63, 71 (1977). Therefore, "[t]o ensure finality, prosecutors routinely secure waivers of appeal and collateral attack rights as a term of the agreement" and courts "generally enforce these waivers, so long as the defendant knowingly and voluntarily agreed to them." *Id.* (citing *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) and *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990)). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). Here, Braggs does not argue that the collateral attack waiver in his plea agreement was unknowing or involuntary, nor does he contend that his instant action falls beyond the scope of the waiver. Therefore, the undersigned additionally **FINDS** that Braggs's challenge to his sentence is barred by the collateral attack waiver in his plea agreement.

### C. *Procedural Default*

There is also the issue of procedural default. Braggs did not raise the instant challenges to his sentence on direct review. As a general rule "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice" or actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States,* 523 U.S. 614, 622 (1998). "The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of

11

judgments." *Id*. Therefore, the undersigned **FINDS** that Braggs' challenge to his sentence is procedurally barred in this action.

### D. Failure to State a Claim

Finally, turning to the substance of Braggs's motion, Braggs asserts no basis for relief. Braggs first references "FRCP 60(b)(6)" in his motion. (ECF No. 26 at 1). Presumably, he refers to Rule 60(b)(6) of the Federal Rules of Civil Procedure given the fact that Rule 60(b)(6) of the Federal Rules of Criminal Procedure concerns victims' rights and has no bearing on Braggs's motion. Federal Rule of Civil Procedure 60(b) allows a court to grant relief to a party based on certain specified reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Even assuming such rule applies to Braggs's motion, Braggs fails to assert any basis for the extraordinary relief that Rule 60(b) provides. Rather, Braggs must proceed under § 2255. *McKinnon v. United States*, No. CCB-12-179, 2012 WL 727017, at *1 (D. Md. Mar. 5, 2012) (explaining that collateral challenge to federal criminal judgment is properly construed under § 2255, not Rule 60(b)).

Braggs claims that "[i]t remains clear that the Court and the government do not object to, and indeed likely intend for" him to receive all benefits of prison programs such as RDAP, which would make him eligible for early release." (ECF No. 26 at 1). To the contrary, the government does object to Braggs's § 2255 motion, and, while the Court

12

recommended that Braggs be able to participate in drug abuse treatment programs during his incarceration, there was no indication that the Court intended for Braggs to be eligible for early release or sentence credit for his completion of RDAP. (ECF No. 25 at 12). The Court made no mention of early release or sentence credit during Braggs's sentencing, unlike the court in *Fraley*. (*Id*.). Braggs does not offer any basis to support an inference that his sentence was imposed in "violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Therefore, the undersigned **FINDS** that Braggs does not state a claim upon which relief can be granted under § 2255 or FED. R. CIV. P. 60(b)(6).

### III. Proposal and Recommendations

For the above-stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Braggs's Motion for Relief from a Judgment by Correcting Pre-Sentence Investigation Report be **DENIED**, (ECF No. 26), and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of

such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant and counsel of record.

**FILED:** March 11, 2020

_____
Cheryl A. Eifert
United States Magistrate Judge